Wyly, J.
In March, 1869, plaintiff, the legal representative of the succession of Pierre C. Lemane, sued the defendant, Henry Lemane, for seven hundred dollars, the price of a stall in the French Market, which he bought from his brother, Pierre C. Lemane, a few days before his death. Defendant pleaded a general denial, and also set up in reconvention a claim of five hundred dollars which he alleged he left on deposit in the hands of his brother a few days before his death.
*695 Before trial, however, defendant obtained judgment in the Second District Court on this five hundred dollar claim against the succession represented by plaintiff. At the trial of this case subsequently, plaintiff had judgment against defendant for the seven hundred dollars claimed as the price of the stall. Execution issued on this judgment, and the judgment of defendant in the Second District Court for five hundred dollars against succession of Pierre C. Lemane was seized.
Thereupon Ignace Halum filed a third opposition, claiming as subrogee the judgment seized.
The defense set up to this opposition was that no notice of the subrogation had been served, and compensation was pleaded. The court maintained the opposition, and from that judgment this appeal was taken.
The whole-proceeding is quite irregular. As notice of the subrogation was only served on plaintiff after the seizure, it had no effect to disturb rights acquired previously. It was absurd for the succession of Pierre C. Lemane, having judgment for seven hundred dollars against Henry Lemane, to seize thereunder the judgment of the latter against the succession of Pierre C. Lemane for five hundred dollars.
At the time of the seizure the respective judgments were compensated. The law tolerates no such absurdity as a judgment creditor seizing a judgment against himself. The objection that this court is without jurisdiction because the judgment seized, and which the third opponent claims as subrogee does not exceed five hundred dollars, is unfounded, because at the time of the seizure the judgment and interest exceeded that sum.
It is therefore ordered that the judgment appealed from be annulled, and the demand of the opponent be rejected with costs.